JONATHAN F. MITCHELL*
Texas Bar No. 24075463
Mitchell Law PLLC
106 East Sixth Street, Suite 900
Austin, Texas 78701
(512) 686-3940

* *pro hac vice* application forthcoming

BRADLEY BENBROOK
California Bar No. 177786
Benbrook Law Group, PC
400 Capitol Mall, Suite 2530
Sacramento, California 95814
(916) 447-4900

*Counsel for Plaintiff and Proposed Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| **Sean Allen**, **Jennifer Bicé**, **Stanley Graham**, **Bradley Taylor,** and **Juanita Wiggins**, on behalf of themselves and all others similarly situated<br><br>     Plaintiff,<br><br>v.<br><br>**Santa Clara County Correctional Peace Officers Association**; **Mark Gregersen**, **Eric Banks**, **Priscilla Winslow**, **Erich Shiners**, and **Arthur A. Krantz**, in their official capacities as chair and members of the California Public Employment Relations Board,<br><br>     Defendants. | Case No. _____<br><br><br><br>**Plaintiffs' Class-Action Complaint**<br>**Jury Trial Demanded** |

Sean Allen, Jennifer Bicé, Stanley Graham, Bradley Taylor, and Juanita Wiggins ("the plaintiffs") bring this class action against the Santa Clara County Correctional Peace Officers Association ("the union") and state officials, seeking redress for violations of their constitutional and state-law rights. The defendants have violated the plaintiffs' rights by forcing them to pay compulsory "agency fees" to the union as a condition of their employment, even though the plaintiffs do not belong to this union and do not wish to subsidize the union's activities. The plaintiffs seek a refund of all unlawfully collected "agency fees," an injunction that forbids the union to collect any union-related fees from employees without their clear and affirmative consent, and costs and attorneys' fees under 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2. Venue is proper because at least one defendant resides or has its offices located in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Sean Allen resides in Santa Clara County, California.

4. Plaintiff Jennifer Bicé resides in Santa Clara County, California.

5. Plaintiff Stanley Graham resides in Alameda County, California.

6. Plaintiff Bradley Taylor resides in Contra Costa County, California.

7. Plaintiff Juanita Wiggins resides in San Joaquin County, California.

8. Defendant Santa Clara County Correctional Peace Officers Association ("the union") is a labor union whose offices are located at 1930 O'Toole Way, San Jose, California 95131.

9. Defendants Mark Gregersen, Eric Banks, Priscilla Winslow, Erich Shiners, and Arthur A. Krantz are chair and members of the California Public Employment Relations Board, the entity that oversees public-sector collective bargaining in California and administers the State's labor and collective-bargaining laws, including Cal. Gov't Code §§ 3502.5 and 3508.5(b)–(c), which the plaintiffs are challenging as unconstitutional. Their offices are located at 1031 18th Street, Sacramento, California 95811-4124. They are all sued in their official capacities.

## STATEMENT OF THE CLAIM

10. Mr. Allen is a correctional officer employed by Santa Clara County. He is a Sheriff's Correctional Deputy and is recognized as a Sergeant under section 831.5 of the California Penal Code.

11. Ms. Bicé is a retired correctional officer who was formerly employed by Santa Clara County.

12. Mr. Graham is a correctional officer employed by Santa Clara County. He is a Sheriff's Correctional Deputy and a peace officer under section 830.1(c) of the California Penal Code

13. Mr. Taylor is a correctional officer employed by Santa Clara County. He is a Sheriff's Correctional Deputy and a peace officer under section 830.1(c) of the California Penal Code.

14. Ms. Wiggins is a correctional officer employed by Santa Clara County. She is a Sheriff's Correctional Deputy and a peace officer under section 830.1(c) of the California Penal Code.

15. From the time they began their employment as correctional officers until the Supreme Court's ruling in *Janus v. AFSCME Council 31*, 138 S. Ct. 2448 (2018), the plaintiffs worked in an unconstitutional "agency shop," where they were forced

to choose between paying full membership dues to the Santa Clara County Correctional Peace Officers Association ("the union"), or resigning their union membership and paying a slightly reduced amount in "agency fees." *See* Cal. Gov't Code §§ 3502.5 and 3508.5(b)–(c) (attached as Exhibits 1 and 2).

16. Mr. Allen was a member of the union from approximately 1995 until 2003, and he paid full membership dues during that time.

17. In 2003, the union expelled Mr. Allen from membership, but it compelled him to pay "agency fees" to the union even after it had excluded him from membership. These "agency fees" were deducted from Mr. Allen's paycheck until the Supreme Court issued its ruling in *Janus* on June 27, 2018.

18. After the Supreme Court's ruling in *Janus*, the union did not halt its payroll deductions from Mr. Allen's paycheck, as it was required to do by the Supreme Court's decision. Instead, the union enrolled Mr. Allen as a member without seeking his consent and starting taking full membership dues from Mr. Allen's paycheck. *See* Exhibit 3.

19. The union garnished these membership dues from Mr. Allen's paycheck for two consecutive pay periods. *See* Exhibit 3.

20. Mr. Allen instructed the union to stop taking his money after he received his first post-*Janus* paycheck and noticed that the union was helping itself to membership dues. Instead of promptly complying with Mr. Allen's instructions, the union continued to take membership dues from his paycheck for another pay period until it finally succumbed and refunded to Mr. Allen the post-*Janus* money that it had taken.

21. Ms. Bicé was a member of the union until 2010, and she paid full membership dues during that time.

22. In 2010, the union expelled Ms. Bicé from membership, but it compelled her to pay "agency fees" to the union even after it had excluded her from membership.

1  These "agency fees" were deducted from Ms. Bicé's paycheck until she retired in
2  March of 2018.
3      23.  Mr. Graham was a member of the union from approximately 1989 until 2011,
4  and he paid full membership dues during that time.
5      24.  In 2011, the union expelled Mr. Graham from membership, but it compelled
6  him to pay "agency fees" to the union even after it had excluded him from member-
7  ship. These "agency fees" were deducted from Mr. Graham's paycheck until June 27,
8  2018.
9      25.  Mr. Taylor was a member of the union and paid full membership dues from
10 2009 through 2011.
11     26.  In 2011, the union expelled Mr. Taylor from membership, but it compelled
12 him to pay "agency fees" to the union even after it had excluded him from member-
13 ship. These "agency fees" were deducted from Mr. Taylor's paycheck until June 27,
14 2018.
15     27.  From approximately 2003 to 2009, Mr. Taylor refused to join the union and
16 was compelled to pay "agency fees" during that time as well.
17     28.  Ms. Wiggins was a member of the union and paid full membership dues from
18 1989 to 2011.
19     29.  In 2011, the union expelled Ms. Wiggins from membership, but it compelled
20 her to pay "agency fees" to the union even after it had excluded her from membership.
21 These "agency fees" were deducted from Ms. Wiggins's paycheck until she retired in
22 May of 2015.
23     30.  Ms. Wiggins returned to work for the Santa Clara Department of Corrections
24 as an Extra Help Deputy in August of 2015. When she returned to work she was told
25 that she must sign a form consenting to the deductions of agency fees from her
26 paycheck. Ms. Wiggins signed the form and agency fees were once again deducted

from her paycheck until the Supreme Court announced its ruling in *Janus* on June 27, 2018.

31. The compelled subsidies that Mr. Allen, Ms. Bicé, Mr. Graham, Mr. Taylor, Ms. Wiggins, and their fellow class members were forced to pay to the union as a condition of their employment violated their constitutional rights. *See Janus v. AFSCME Council 31*, 138 S. Ct. 2448 (2018).

32. The law of California authorizes public-employee unions to extract money from non-union members as a condition of their employment. *See* Cal. Gov't Code § 3502.5 (attached as Exhibit 1). The law of California also requires public employers to deduct these "agency fees" from the paychecks of non-union members, regardless of whether the employee consents to these payroll deductions. *See* Cal. Gov't Code § 3508.5(b) (attached as Exhibit 2). Finally, California law requires these agency-fee "obligations" to remain in effect "as long as the employee organization is the recognized bargaining representative, notwithstanding the expiration of any [collective-bargaining] agreement." Cal. Gov't Code § 3508.5(c) (attached as Exhibit 2). Each of these statutes is unconstitutional, yet the legislature has not repealed them in the wake of *Janus.*

33. The union was acting under color of state law by imposing and collecting these "agency fees," in accordance with the laws of California that authorize agency-shops. *See* Cal. Gov't Code §§ 3502.5 and 3508.5(b)–(c); *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922 (1982).

34. The union has committed the torts of conversion and trespass to chattels by appropriating money from nonunion agency-fee payers without seeking or obtaining their affirmative, written, and freely given consent, and they are liable in an action for tort, replevin, unjust enrichment, and restitution. The CTA cannot defend its tortious

conduct by relying on sections 3502.5 or 3508.5(b)–(c) of the California Government Code, because those statutes are unconstitutional and unconstitutional statutes cannot confer immunity on tortious conduct.

35. Mr. Allen, Ms. Bicé, Mr. Graham, Mr. Taylor, and Ms. Wiggins are suing on behalf of all individuals who: (1) are or were employed by Santa Clara County; and (2) are or were nonmembers of the Santa Clara County Correctional Peace Officers Association who compelled by pay "agency fees" to the union as a condition of their employment. The class includes anyone who has ever fallen within this definition, including former and retired employees of Santa Clara County, and it includes anyone who comes within the class definition at any time before the conclusion of this action.

36. Mr. Allen, Ms. Bicé, Mr. Graham, Mr. Taylor, and Ms. Wiggins have Article III standing to bring these claims. They have suffered injury in fact because they were forced to pay money to the union as a condition of their employment. The injury was caused by the unconstitutional behavior of the defendants, and the injury will be redressed by a refund of the money that the union unconstitutionally extracted from the plaintiffs and their fellow class members.

## CAUSES OF ACTION

37. The plaintiffs are suing all of the defendants under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the individual and class-wide relief that they are requesting.

38. The plaintiffs are also suing the union under the state-law actions of conversion, trespass to chattels, replevin, unjust enrichment, restitution, and any other legal or equitable cause of action that offers relief for this unlawful seizure of their personal property. The plaintiffs invoke the supplemental jurisdiction of this court over those state-law claims. *See* 28 U.S.C. § 1367.

# DEMAND FOR RELIEF

39. The plaintiffs respectfully request that the court:

   a. certify a class of all present and former employees of Santa Clara County who were nonmembers of the Santa Clara County Correctional Peace Officers Association, but were nevertheless compelled to pay "agency fees" to that union as a condition of their employment;

   b. declare that Mr. Allen, Ms. Bicé, Mr. Graham, Mr. Taylor, Ms. Wiggins, and their fellow class members have a constitutional right to decline to join or financially support a public-employee union, and that they cannot be penalized or forced to pay money to the union or a third-party organization as a consequence for exercising this constitutional right;

   c. declare that state tort law protects the right of Mr. Allen, Ms. Bicé, Mr. Graham, Mr. Taylor, Ms. Wiggins, and their fellow class members not to have their wages garnished or redirected by a public-employee union without their affirmative, written, and freely given consent, and that any state or federal law or collective-bargaining agreement that purports to override these protections of state tort law—or that compels public employees to consent the garnishment of their wages by the union as a condition of their employment—is unconstitutional and without legal effect;

   d. declare Cal. Gov't Code §§ 3502.5 unconstitutional because it allows public-employee unions to extract "agency fees" from non-union members as a condition of their employment;

   e. declare Cal. Gov't Code § 3508.5(b) unconstitutional because it compels public employers to deduct "agency fees" from the paychecks of

    non-union members, regardless of whether the employee clearly and affirmatively consented to these payroll deductions;

  f. declare Cal. Gov't Code § 3508.5(c) unconstitutional because it requires agency fees to remain in effect even after a collective-bargaining agreement expires;

  g. declare that all provisions in collective-bargaining agreements that purport to compel Mr. Allen, Ms. Bicé, Mr. Graham, Mr. Taylor, Ms. Wiggins, and their fellow class members to pay "agency fees" to the Santa Clara County Correctional Peace Officers Association violate the Constitution and are unenforceable;

  h. order the Santa Clara County Correctional Peace Officers Association, along with its affiliates and chapters, to repay all "agency fees" that they unconstitutionally extracted from Mr. Allen, Ms. Bicé, Mr. Graham, Mr. Taylor, Ms. Wiggins, and their fellow class members, along with pre-judgment and post-judgment interest;

  i. permanently enjoin the Santa Clara County Correctional Peace Officers Association, along with its affiliates and chapters, as well as their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from taking or redirecting any type of money from Mr. Allen, Ms. Bicé, Mr. Graham, Mr. Taylor, Ms. Wiggins, and their fellow non-union members without first obtaining their affirmative, written, and freely given consent;

  j. permanently enjoin the Santa Clara County Correctional Peace Officers Association, along with its affiliates and chapters, as well as their officers, agents, servants, employees, attorneys, and any other person or entity

|     |    |                                                                                          |
| --- | -- | ---------------------------------------------------------------------------------------- |
| 1   |    | in active concert or participation with them, from entering into any collective-bargaining agreement that allows or requires a union or a public employer to collect or redirect "agency fees" from non-union members; |
| 4   | k. | permanently enjoin the Santa Clara County Correctional Peace Officers Association, along with its affiliates and chapters, as well as their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from taking any type of money from a public employee unless that employee has "clearly and affirmatively consented" by providing a signed, written authorization for the specific payment to the union and the specific dollar amount; |
| 11  | l. | permanently enjoin all of the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing sections 3502.5 or 3508.5(b)–(c) of the California Government Code, or any other provision of California law or any provision of a collective-bargaining agreement or any order of the California Public Employment Relations Board that requires the payment of money as a consequence for exercising one's constitutional right not to join or financially support a public-employee union, regardless of whether that compelled payment of money is received by the union or diverted to a third-party organization; |
| 22  | m. | award costs and attorneys' fees under 42 U.S.C. § 1988; |
| 23  | n. | grant all other relief that the Court deems just, proper, or equitable. |

|  |  |
|---|---|
|  | Respectfully submitted. |
|  | /s/ Bradley Benbrook |
| Jonathan F. Mitchell* | Bradley Benbrook |
| Texas Bar No. 24075463 | California Bar No. 177786 |
| Mitchell Law PLLC | Benbrook Law Group, PC |
| 106 East Sixth Street, Suite 900 | 400 Capitol Mall, Suite 2530 |
| Austin, Texas 78701 | Sacramento, California 95814 |
| (512) 686-3940 (phone) | (916) 447-4900 (phone) |
| (512) 686-3941 (fax) | (916) 447-4904 (fax) |
| jonathan@mitchell.law | brad@benbrooklawgroup.com |
| * *pro hac vice* application forthcoming |  |
| Dated: August 15, 2018 | *Counsel for Plaintiff and the Proposed Class* |