1. XAVIER BECERRA, State Bar No. 118517
Attorney General of California
2. BENJAMIN M. GLICKMAN, State Bar No. 247907
Supervising Deputy Attorney General
3. ANTHONY P. O'BRIEN, State Bar No. 232650
Deputy Attorney General
4.  1300 I Street, Suite 125
 P.O. Box 944255
5.  Sacramento, CA 94244-2550
 Telephone: (916) 210-6002
6.  Fax: (916) 324-8835
 E-mail: Anthony.OBrien@doj.ca.gov
7. *Attorneys for Mark Gregersen, Eric Banks, Priscilla Winslow, Erich Shiners, and Arthur Krantz, sued in their official capacities as chair and members of the California Public Employment Relations Board*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SEAN ALLEN, JENNIFER BICE, STANLEY GRAHAM, BRADLEY TAYLOR, and JUANITA WIGGINS, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**SANTA CLARA COUNTY CORRECTIONAL PEACE OFFICERS ASSOCIATION; MARK GREGERSEN, ERIC BANKS, PRISCILLA WINSLOW, ERICH SHINERS, and ARTHUR A. KRANTZ, in their official capacities as chair and members of the California Public Employment Relations Board,**<br><br>Defendants. | 2:18-cv-02230-MCE-CKD<br><br>**STIPULATION TO STAY ACTION AND ORDER**<br><br>Courtroom: 7<br>Judge: The Honorable Morrison C. England, Jr.<br>Trial Date: None Set<br>Action Filed: August 15, 2018 |

**STIPULATION**

WHEREAS, Plaintiffs filed their Complaint (ECF No. 1) on August 15, 2018;

WHEREAS, the Court issued the Initial Pretrial Scheduling Order (ECF No. 3) on August 16, 2018, which ordered the parties to meet and confer as required under Rule 26(f) of the Federal Rules of Civil Procedure (FRCP) within sixty (60) days of service of the complaint on any party;

WHEREAS, FRCP Rule 26(a)(1)(C) requires that parties must complete initial disclosures within fourteen (14) days of the parties' Rule 26(f) conference;

WHEREAS, Counsel for Defendants Eric Banks, Mark Gregersen, Arthur A. Krantz, Erich Shiners, and Priscilla Wilson (hereafter identified as the "Public Employment Relations Board" or "PERB") signed a Waiver of Service of Summons on October 12, 2018, thus extending the deadline for filing a responsive pleading to November 9, 2018 (ECF No. 9);

WHEREAS, Counsel for Plaintiffs and PERB stipulated to extend the responsive pleading deadline by twenty-eight (28) days to December 7, 2018 (ECF No. 13);

WHEREAS, the current deadline for completion of the parties' meet-and-confer requirement under FRCP Rule 26(f) is December 11, 2018;

WHEREAS, the current deadline for the parties' initial disclosures under FRCP Rule 26(a)(1)(C) is December 26, 2018;

WHEREAS, the other named Defendant—Santa Clara County Correctional Peace Officers Association (SCCCPOA)—has not appeared in this action;

WHEREAS, one of the primary issues being litigated in this matter—whether "agency fee laws" are constitutional (see ECF No. 1 at ¶¶ 33, 39(d), (e), (f), (g), (j), (*l*); Cal. Gov. Code, §§ 3502.5; 3508.5(b)-(c))—has been rendered moot by the United States Supreme Court in *Janus v. American Federation of State, County and Municipal Employees Council 31, et al.*, 585 U.S. ___, 138 S. Ct. 2448 (June 27, 2018), and PERB's subsequent statement that the State would no longer enforce those laws.[1]

---

[1] See Public Employment Relations Board, *Public Notice: Regular Business Meeting Agenda*, October 11, 2018, at https://www.perb.ca.gov/meetings/docs/94/2018.10.11%20agenda.pdf (as of Dec. 5, 2018).

WHEREAS, the remaining issues being litigated in this matter—including: (1) Plaintiffs' state tort law claim for the return of agency fees deducted before the *Janus* decision (ECF No. 1 at ¶¶ 34, 38, 39(c), (g), (h); (2) Plaintiffs' request for class certification (*id*. at ¶ 39(a)); (3) Plaintiffs' demand that the SCCCPOA repay all agency fees paid by Plaintiffs (*id*. at ¶ 39(h)); and (4) Plaintiffs' demand that, post-*Janus*, SCCPOA must obtain affirmative, written and freely-given consent from union and non-union public employees before deducting any money from their paychecks (*id*. at ¶ 39(i), (k))—are similar or identical to claims being litigated in several other matters before this Court and other District Courts, including, but not limited to, the following:

    (1)   *Martin v. California Teachers Assn*., et al., No. 2:18-cv-8999-JLS-DFM (C.D. Cal. filed July 14, 2018);

    (2)   *Hernandez, et al. v. AFSCME California, et al*., No. 18-cv-2419 WBS-EFB (E.D. Cal. filed Aug. 1, 2018);

    (3)   *Aliser, et al. v. SEIU California, et al*., No. 18-cv-2574-MCE-CKD (E.D. Cal. filed Sept. 17, 2018);

    (4)   *Cooley v. California Statewide Law Enforcement Association, et al*., No. 18-cv-2961-JAM-AC (E.D. Cal. filed Nov. 13, 2018); and

    (5)   *Danielson v. Inslee*, Case No. 3:18-cv-05206-RJB (W.D. Wash. Mar. 15, 2018);

WHEREAS, the resolution of pending dispositive motions in the above matters may dispose of the common issues raised in the present matter;

WHEREAS, discussion regarding discovery matters and initial disclosures under FRCP 26 cannot proceed until Defendant SCCCPOA has appeared in this action;

WHEREAS, staying the present matter—including, but not limited to, deadlines for responsive pleadings, the Rule 26(f) conference, and initial disclosures under Rule 26(a)(1)(c)—until resolution of the common matters being litigated in the above cases would greatly conserve the time and resources of the Court and all parties to this litigation; and

WHEREAS, staying the present matter—including, but not limited to, deadlines for responsive pleadings, the Rule 26(f) conference, and initial disclosures under Rule 26(a)(1)(c)—will not interfere with any pending Court deadlines or prejudice any of the parties in this matter;

THEREFORE, the parties hereby stipulate, by and through their counsel of record, as follows:

(1) The present matter—including, but not limited to, deadlines for: (1) Defendants' responsive pleadings; (2) completion of the parties' meet and confer requirements under FRCP Rule 26(f); and (3) completion of the initial disclosures as required under FRCP Rule 26(a)(1)(C)—shall be stayed until further order of the Court; and

(2) The Court should schedule a status conference in 90 days, or as soon thereafter as the Court's availability permits, to discuss whether the stay should be lifted.

**IT IS SO STIPULATED.**

| | | |
|---|---|---|
| 1 | Dated: December 6, 2018 | Respectfully submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | BENJAMIN M. GLICKMAN<br>Supervising Deputy Attorney General |

*/s/ Anthony P. O'Brien*
ANTHONY P. O'BRIEN
Deputy Attorney General
*Attorneys for Defendants Mark Gregersen, Eric Banks, Priscilla Winslow, Erich Shiners, and Arthur Krantz, sued in their official capacities as chair and members of the California Public Employment Relations Board*

Dated: December 6, 2018                    Respectfully submitted,

MITCHELL LAW PLLC

*/s/ Jonathan F. Mitchell*
JONATHAN F. MITCHELL
*Attorneys for Plaintiffs Sean Allen, Jennifer Bice, Stanley Graham, Bradley Taylor, and Juanita Wiggins*

**ORDER**

Pursuant to the above stipulation between the parties, and for good cause shown, the Court orders as follows:

The present matter—including, but not limited to, deadlines for: (1) Defendants' responsive pleadings; (2) completion of the parties' meet and confer requirements under Rule 26(f) of the Federal Rules of Civil Procedure (FRCP); and (3) completion of the initial disclosures as required under FRCP Rule 26(a)(1)(C)—shall be stayed until further order of the Court. Not later than sixty (60) days following the date this Order is electronically filed, and every sixty (60) days thereafter until the stay is lifted, the parties are directed to file a joint status report with the Court advising it as to whether and why the stay should continue.

IT IS SO ORDERED.

Dated: December 30, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE