UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN ALLEN, et al., | No. 2:18-cv-02230-MCE-CKD |
| Plaintiffs, | |
| v. | **ORDER** |
| SANTA CLARA COUNTY CORRECTIONAL PEACE OFFICERS ASSOCIATION, et al., | |
| Defendants. | |

Through the present class action, Plaintiffs Sean Allen, Stanley Graham, Bradley Taylor, Juanita Wiggins, James Kirkland, Eric Liddle, and Antonio Richardson (collectively "Plaintiffs") seek to recover so-called "fair share" fees on behalf of themselves and on behalf of a putative class of all former and current public employees represented by Defendant Santa Clara County Correctional Peace Officers Association ("SCCCPOA" or the "Union"). According to Plaintiffs, those fees were involuntarily collected under Janus v. AFSCME Council 31, 138 S. Ct. 2448 (2018) to pay for collective bargaining activities in violation of the First Amendment of the United States Constitution. In addition, Plaintiff Allen contends his constitutional rights were further violated when, post-Janus, the Union deducted membership dues from two of his paychecks. Finally, Plaintiffs contend that California's exclusive representation laws

1

further violate their constitutional rights.[1]  Presently before the Court are Defendants' two Motions to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6),[2] which, for the following reasons, are GRANTED.[3]  ECF Nos. 32, 38.

**STANDARDS**

**A.    Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden of establishing the contrary rests upon the party asserting jurisdiction. Id.  Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002).  Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Rule 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).  Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).  Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

///

---

[1] Plaintiffs concede this final claim should be dismissed.  Accordingly, Defendant's Motion is GRANTED as to this cause of action.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar.  To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

2

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. However, in the case of a factual attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560

(9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**B.     Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to

relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### C. Leave to Amend

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

## ANALYSIS

Plaintiffs' first cause of action for refund of unconstitutionally compelled payments fails because Defendants are entitled to a good faith defense. See Hernandez v. AFSCME California, 386 F. Supp. 3d 1300, 1304 (E.D. Cal. 2019). The thoughtful analysis in Hernandez is directly on point:

The Ninth Circuit has held that private parties may be entitled to a good-faith defense to a claim under Section 1983 where they "did [their] best follow the law and had no reason to suspect that there would be a constitutional challenge to [their] actions." See Clement v. City of Glendale, 518 F.3d 1090, 1097 (9th Cir. 2008). In the agency fees context, not only did unions have authorization under state statute, but the practice of collecting agency fees in this manner had been upheld for decades as constitutional by the United States Supreme Court. See Abood [v. Detroit Bd. of Educ.], 431 U.S. [209,] 222-23 [(1977)]; see also Locke v. Karass, 555 U.S. 207, 213 (2009) (describing Abood's rule, as reaffirmed in subsequent cases, as "a general First Amendment principle"). Thus, the union is entitled to the good-faith defense as a matter of law. See Lusnak v. Bank of Am., N.A., 883 F.3d 1185, 1194 n.6 (9th Cir. 2018) (observing that affirmative defenses may be raised on a motion to dismiss where they do not implicate disputed issues of fact).

Faced with this good-faith defense, plaintiffs seek to avoid it by characterizing their demand for a refund as an equitable claim for restitution rather than a legal claim for damages. (See SAC ¶ 141.) They argue that defenses like qualified immunity and good faith are categorically inapplicable to claims for equitable relief. See Wood v. Strickland, 420 U.S. 308, 314 n.6 (1975), overruled on other grounds, Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) ("[I]mmunity from damages does not ordinarily bar equitable relief."). Even if this distinction is well taken, plaintiffs' refund claim fails for two independent reasons.

First, plaintiffs cannot simply plead around defenses by labeling the proposed remedy as equitable rather than legal. Instead, this court must look to "the substance of the remedy sought rather than the label placed on that remedy." Depot, Inc. v. Caring for Montanans, Inc., 915 F.3d 643, 661 (9th Cir. 2019) (citations and quotations omitted). It is uncontroverted that plaintiffs' claim seeks payment out of the general assets of the union defendants. And the Supreme Court has stressed that recovering money out of a defendant's general assets, as opposed to a segregated fund, "is a legal remedy, not an equitable one." Montanile v. Bd. of Tr. of Nat. Elevator Indus. Health Benefit Plan, ––– U.S. –––, 136 S. Ct. 651, 658, 193 L. Ed. 2d 556 (2016) (emphasis in original); see also Great-W. Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 212-14, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002) (same).

Plaintiffs do not allege that the union defendants intentionally comingled agency fees with general funds to avoid claims for restitution. Further, unions dissipated any agency fees on nontraceable items. See Montanile, 136 S. Ct. at 658 (stating that expenditure on nontraceable items "destroys an equitable lien"). Plaintiffs' theory under Janus depends on the fact that the fees and dues collected were expended for expressive activities with which they disagreed. See Babb v. Cal.

6

Teachers Ass'n, No. 2:18-cv-06793 JLS DFM, 378 F. Supp. 3d 857, 876, 2019 WL 2022222, at *8 (C.D. Cal. May 8, 2019) ("[I]t is not the case that the agency fees remain in a vault, to be returned like a seized automobile."). Accordingly, because plaintiffs' proposed remedy is legal in nature, the union defendants' good faith bars relief.

Second, the court would reach the same conclusion in a suit in equity. "The essence of equity jurisdiction" is that federal courts have the flexibility "to mould each decree to the necessities of the particular case." Hecht Co. v. Bowles, 321 U.S. 321, 329 (1944). Even in constitutional adjudication, "equitable remedies are a special blend of what is necessary, what is fair, and what is workable." Lemon v. Kurtzman, 411 U.S. 192, 200 (1973) (plurality). Given these considerations, "[i]t is well established that reliance interests weigh heavily in the shaping of an appropriate equitable remedy." Id. at 203.

The reliance interests here are quite compelling. The union defendants relied on Supreme Court precedent and a state statute that explicitly authorized the challenged practice. See id. at 209, 93 S. Ct. 1463 ("[S]tate officials and those with whom they deal are entitled to rely on a presumptively valid state statute, enacted in good faith and by no means plainly unlawful."). Unions throughout the country collected billions of dollars under Abood's rule. See Janus, 138 S. Ct. at 2486. Allowing the recoupment of such a large sum of money would have potentially disruptive consequences that could threaten the operations of unions and significantly deplete their treasuries. See Am. Trucking Ass'ns, Inc. v. Smith, 496 U.S. 167, 182-83, 110 S. Ct. 2323, 110 L. Ed. 2d 148 (1990) (plurality) (recognizing these as cognizable equitable interests).

Moreover, these plaintiffs presumably received some benefits from the fees they paid, through the representation provided by the unions. While the Supreme Court held in Janus that those benefits could not withstand First Amendment scrutiny, the majority did not deny the fact that nonunion members received such benefits. See 138 S. Ct. at 2466-69. It must also be observed here that "plaintiffs do not propose to give back the benefits that the union's efforts bestowed on them." Gilpin v. AFSCME, 875 F.2d 1310, 1316 (7th Cir. 1989). Consequently, granting plaintiffs a full refund would stand the equitable remedy on its head. See id. Based on these observations, it would be neither fair nor workable to entertain plaintiffs' claim.

Nevertheless, plaintiffs argue that a defendant is never allowed to enrich itself by keeping property it took in violation of another's constitutional rights. See, e.g., United States v. Windsor, 570 U.S. 744, 775, 133 S. Ct. 2675, 186 L. Ed. 2d 808 (2013) (ordering the United States to refund taxes it collected in reliance on the Defense of Marriage Act); United

7

> States v. Lewis, 478 F.2d 835, 836 (5th Cir. 1973) (stating that fines collected under a statute that is subsequently determined to be unconstitutional must be repaid when suit is brought to recover them). Those cases, however, do not stand for such a sweeping proposition. Unlike in Windsor and Lewis, the union defendants are private parties who were not responsible for passing the legislation that is now unconstitutional. Instead, they relied on the type of statute the Supreme Court explicitly approved of in Abood.

Id. at 1304-06. This foregoing analysis applies just as forcefully to Plaintiffs' claims for refunds here, which are materially identical. Accordingly, Plaintiffs' claims are likewise DISMISSED.

Nor is Plaintiff Allen entitled to relief on the second cause of action for violation of California Government Code § 1157.12(b). According to the First Amended Complaint ("FAC"), "[a]fter Janus, the union violated Mr. Allen's constitutional rights by taking membership dues from his paycheck even though the union knew full well that Mr. Allen was not a member of the union." FAC, ¶ 55. After being informed that it should cease withholding fees from Mr. Allen's paycheck, the union purportedly withdrew dues from two of his paychecks before it rectified the situation and refunded those moneys. Id., ¶ 26. It is unclear to the Court how the union's de minimis deduction and return of funds from two paychecks—funds that were apparently not expended toward the union's collective bargaining purposes in any event—give rise to a constitutional violation. Regardless, those funds were returned, and Mr. Allen's claim is thus moot.[4]

///
///
///
///
///
///

---

[4] Mr. Allen's general challenge to § 1157.12(b) as unconstitutional on its face likewise fails because he is no longer a union member and there is no indication in the complaint that he ever intends to resume any union-related deductions. Accordingly, he lacks standing to challenge a statute where there is no apparent risk it will be enforced against him. Even if that was not the case, however, Plaintiff has failed to identify any constitutional provision actually violated by this statute.

8

**CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 32, 38) are GRANTED with leave to amend.[5] Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiffs may (but are not required to) file an amended complaint. If no amended complaint is timely filed, this action will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: September 10, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).